UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **CHARLES MILTON, JR.** | * | **CIVIL ACTION NO. 09-1234** |
| **VERSUS** | * | **JUDGE HAIK** |
| **CITY OF FRANKLIN,** **POLICE DEPT. CITY OF FRANKLIN,** **OFFICER L. DESLATTE** | * | **MAGISTRATE JUDGE METHVIN** |

## ORDER REQUIRING RULE 7(a) REPLY

When an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).  It is not clear in this case whether Officer L. Deslatte is being sued in her individual capacity, or solely in her official capacity.  However, defendant Deslatte has pled the defense of qualified immunity, and as it is unclear in what capacity the claims are made against her, as suggested in Schultea, this court will require plaintiff to file a reply to defendant's answer asserting qualified immunity pursuant to RULE 7(A) FED. R. CIV. P.  Accordingly,

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, the plaintiff shall file a reply to the qualified immunity defense pled by defendant Officer Deslatte.  The reply must allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged

violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

**IT IS FURTHER ORDERED** that defendant(s) shall not file any response to plaintiff's reply; any response filed will be disregarded.  The purpose of this order is to determine whether discovery should be banned or limited pending the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment.  This process does not absolve defendant(s) from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.[1]

Signed at Lafayette, Louisiana on November 23, 2009.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

---

[1] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity.  The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.  Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.